TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SIERRA CLUB, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00189-JMK |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Bureau of

Land Management (BLM); United States Department of the Interior (DOI); Deb Haaland,

in her official capacity as Secretary of the Interior; and Steve Cohn, in his official

capacity as Alaska State Director of the BLM; plead as follows in response to Plaintiffs'

Complaint (ECF 1).

Case 3:22-cv-00189-JMK   Document 10   Filed 11/23/22   Page 1 of 35

## INTRODUCTION

1.     The allegations of the first sentence of Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Footnote 1, and on that basis deny them.  The allegations of the second sentence of Footnote 1 purport to characterize applications, environmental analyses, and decision documents for the subject exploration program, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  Defendants deny the allegations of the second sentence of Paragraph 1.  The allegations of the third sentence of Paragraph 1 constitute Plaintiffs' request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

2.     The allegations of Paragraph 2 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

3.     The allegations of Paragraph 3 purport to characterize *Juliana v. United States*, 947 F.3d 1159, 1166 (9th Cir. 2020), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

4.      The allegations in Paragraph 4 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity, and Defendants deny them on that basis.  Defendants aver that Executive Order 14008 states that the United States and the world face a profound climate crisis.

5.      The term "these impacts" in the first sentence of Paragraph 5 is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations, and Defendants deny them on that basis. Defendants admit the allegations of the second sentence of Paragraph 5.  Defendants admit that increasing temperatures are resulting in rapid degradation of sea-ice and snow cover extents, the greening of tundra and increases in the soil active layer, and an increase in the incidence of wildfire in Alaska, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the third sentence, and on that basis deny them.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the fourth sentence, and on that basis deny them.

6.      Defendants admit with respect to the first sentence in Paragraph 6 that greenhouse gas emissions, including those associated with the production and combustion of fossil fuels, contribute to global climate change; the remaining allegations in the first sentence of Paragraph 6 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth or falsity, and Defendants deny them on that basis.  The terms "most significant" and "rapidly" in the second and third

sentences of Paragraph 6 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations, and Defendants deny them on that basis.

7. Defendants admit the allegations of Paragraph 7 that for those years when exploration activities occur the Peregrine exploration program may involve, in any single year, the combustion of hundreds of thousands of gallons of fossil fuels to power construction, exploration, camp, and cleanup activities, resulting in greenhouse gas emissions in the National Petroleum Reserve in Alaska (NPR-A). Defendants deny any remaining allegations of Paragraph 7.

8. Defendants admit the allegations of the first sentence of Paragraph 8 that the exploration program's ultimate objective is to explore, delineate, and appraise the oil and gas prospect for potential future development, and deny the remaining allegations of the first sentence. Defendants admit the allegations of the second sentence of Paragraph 8 that any future approval of extraction and development of oil and gas relating to suitable findings during the exploration program is likely to result in consumption of fossil fuels and resultant emissions, including greenhouse gas emissions, and deny any remaining allegations.

9. The allegations of Paragraph 9 purport to characterize the January 2021 and December 2021 environmental assessments that BLM issued for the program under the National Environmental Policy Act (NEPA), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language,

meaning, and context are denied.

10. Defendants deny the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. The allegations of Paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## PLAINTIFFS

12. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis deny them.

13. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis deny them.

14. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis deny them.

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis deny them.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 16, and on that basis deny them. Defendants deny the allegations of the third sentence of Paragraph 16 and deny that Defendants have violated laws as alleged in the Complaint.

17. Defendants admit that Plaintiffs participated in the referenced administrative processes, but deny the remaining allegations in the first sentence of Paragraph 17. Defendants admit the allegations of the second sentence of Paragraph 17

that Plaintiffs Sierra Club and Friends of the Earth participated in the submission of a comment letter dated December 29, 2020. The remaining allegations of the second sentence purport to characterize the comment letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the third sentence of Paragraph 17 that Plaintiffs submitted letters to BLM and the United States Department of the Interior dated September 17, 2021, November 30, 2021, and February 4, 2022. The remaining allegations of the third sentence purport to characterize the comment letters, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of the fourth sentence of Paragraph 17 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## DEFENDANTS

18.     Defendants note that BLM is a "bureau" within the DOI, and otherwise admit the allegations of Paragraph 18.

19.     Defendants admit the allegations of Paragraph 19.

20.     Defendants admit the allegations of Paragraph 20.

21.     Defendants admit the allegations of Paragraph 21.

## STATEMENT OF FACTS

22.     The terms "rate" and "rapidly increasing" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the

corresponding allegations in Paragraph 22, and Defendants deny them on that basis.

23.     Defendants admit that fossil fuel combustion has contributed to the increase in global temperatures.  The remaining allegations in Paragraph 23 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth or falsity, and Defendants deny them on that basis.

24.     The allegations of Paragraph 24 purport to characterize *Juliana v. United States*, 947 F.3d 1159, 1166 (9th Cir. 2020), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

25.     The allegations of Paragraph 25 purport to characterize *Juliana v. United States*, 947 F.3d 1159, 1166 (9th Cir. 2020), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

26.     The reference to "several scientific studies" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 26, and Defendants deny them on that basis.

27.     Defendants deny the allegations in Paragraph 27 and aver that reports from the Intergovernmental Panel on Climate Change affirm with robust scientific confidence the need to keep warming under 1.5°C to reduce the greatest global risks and avoid significant, wide-ranging, and severe impacts.

28.     Defendants aver that the climate is changing and that greenhouse gas

emissions contribute to climate change, but lack knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and deny them on that basis.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis deny them.

30.     Defendants admit the allegations of Paragraph 30 that the federal government plays an important role in addressing climate change.  The remaining allegations of Paragraph 30 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth or falsity, and Defendants deny them on that basis.

31.     Defendants lack knowledge and information sufficient to quantify or predict the "carbon emissions released from extraction and end-use combustion of fossil fuels produced on federal lands alone" during the referenced timeframe, and on that basis Defendants deny the allegations in Paragraph 31.

32.     The terms "already leased," "exhaust" and "U.S. carbon budget" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 32, and Defendants deny them on that basis.

33.     The terms "must not only phase out production in some existing fields and mines," "fully depleted" and "limit new development" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the

corresponding allegations in Paragraph 33, and Defendants deny them on that basis.

34.     Defendants aver that Executive Order 14008 states that the United States and the world face a profound climate crisis.  The remaining allegations in Paragraph 34 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth or falsity, and Defendants deny them on that basis.

35.     The allegations of Paragraph 35 purport to characterize *Massachusetts v. EPA*, 549 U.S. 497, 521 (2007), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

36.     Defendants admit the allegations of Paragraph 36.

37.     The terms "agreement," "widespread" and "ecosystem structure and function" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 37, and Defendants deny the allegations on that basis.

38.     The terms "magnitude of extreme heat" and "mass mortality events" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 38, and Defendants deny the allegations on that basis.

39.     The terms "hundreds of local losses of species" and "increases in magnitude in extreme heat" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in

Paragraph 39, and Defendants deny the allegations on that basis.

40.    Defendants admit the allegations of the first sentence of Paragraph 40 that climate change causes adaptation in certain species, and otherwise deny any remaining allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 40, and on that basis deny them.

41.    The terms "profound" and "health and wellbeing" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 41, and Defendants deny the allegations on that basis.

42.    The phrase "top threats to global health" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 42, and Defendants deny the allegations on that basis.

43.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis deny them.

44.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis deny them.

45.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis deny them.

46.    Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations of Paragraph 46, and on that basis deny them.

47.     Defendants admit the allegations of Paragraph 47 that the approximately 23-million-acre NPR-A contains ecologically important lakes, ponds, rivers, floodplains, wetlands, uplands, and coastal areas, and is home to a diversity of species, including polar bears, brown bears, muskoxen, caribou, moose, and migratory birds.  Defendants deny any remaining allegations.

48.     Defendants admit the allegations of Paragraph 48.

49.     Defendants admit the allegations of Paragraph 49.

50.     Defendants admit the allegations of Paragraph 50 that the Colville River contains pink and chum salmon, burbot, broad whitefish, arctic cisco, and other fish species, and provides habitat for peregrine falcons, gyrfalcons, golden eagles, and rough-legged hawks.  Defendants deny any remaining allegations of Paragraph 50.

51.     Defendants admit the allegations of the first sentence of Paragraph 51 that an approximately 2.44-million-acre area along the Colville River and two of its tributaries, the Kogosukruk and Kikiakrorak Rivers, are designated as the Colville River Special Area within the NPR-A.  Defendants deny any remaining allegations in the first sentence.  Defendants deny the allegations of the second sentence of Paragraph 51.

52.     Defendants admit the allegations of Paragraph 52.

53.     Defendants admit the allegations of Paragraph 53.

54.     Defendants admit the allegations of Paragraph 54.

55.     Defendants aver that the Arctic's average winter temperature has increased

by 6 degrees Fahrenheit over the past 60 years.  As to the remaining allegations in Paragraph 55, the term "is expected" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations, and Defendants deny the allegations on that basis.

56.     The phrase "myriad disruptions to Arctic ecosystems" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 56, and Defendants deny the allegations on that basis.

57.     Defendants admit the allegations of Paragraph 57.

58.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 58, and on that basis deny them.  Defendants admit the allegations of the second sentence of Paragraph 58.

59.     The terms "spring snow cover," "Arctic region" and "reinforcing feedback effect" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 59, and Defendants deny the allegations on that basis.

60.     Defendants admit the allegations of Paragraph 60.

61.     The term "feedback effect on climate" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 61, and Defendants deny the allegations on that basis.

62.     The term "expected" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 62, and Defendants deny the allegations on that basis.

63.     Defendants admit the allegations of Paragraph 63 that increases in air temperatures are having effects on permafrost, plants, and other Arctic resources, and deny any remaining allegations.

64.     Defendants admit the allegations of Paragraph 64 that permafrost thawing can result in release of methane and/or carbon dioxide, and deny any remaining allegations.

65.     The terms "substantial increases," "tundra greenness" "increasingly limited opportunities" and "tundra travel by local communities" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 65, and Defendants deny the allegations on that basis.

66.     The terms "substantially" and "profound" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 66, and Defendants deny the allegations on that basis.

67.     The term "expected" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 67, and Defendants deny the allegations on that basis.

68.     The terms "expected" and "commensurate" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 68, and Defendants deny the allegations on that basis.

69.     Defendants admit the allegations of Paragraph 69 that in 1976 Congress passed, and subsequently amended in 1980, the Naval Petroleum Reserves Production Act (NPRPA).  The remaining allegations of Paragraph 69 purport to characterize the NPRPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

70.     The allegations of Paragraph 70 purport to characterize the NPRPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

71.     The allegations of Paragraph 71 purport to characterize the NPRPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

72.     The allegations of Paragraph 72 purport to characterize regulations implementing the NPRPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

73.     The allegations of Paragraph 73 purport to characterize the NPRPA and regulations implementing the NPRPA, which speaks for themselves and provides the best

evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

74.    Defendants admit the allegations of Paragraph 74.

75.    Defendants admit the allegations of Paragraph 75.

76.    Defendants admit the allegations of Paragraph 76.

77.    Defendants admit the allegations of Paragraph 77.

78.    The allegations of Paragraph 78 purport to characterize the NPRPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

79.    Defendants admit the allegations of Paragraph 79.

80.    Defendants admit the allegations of the first sentence of Paragraph 80. The allegations of the second sentence of Paragraph 80 purport to characterize the November 2012 National Petroleum Reserve-Alaska Final Integrated Activity Plan/Environmental Impact Statement (2012 NPR-A IAP/EIS), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

81.    The allegations of Paragraph 81 purport to characterize the 2012 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

82.    Defendants admit the allegations of the first sentence of Paragraph 82. The allegations of the second sentence of Paragraph 82 purport to characterize the June 2020

National Petroleum Reserve in Alaska Final Integrated Activity Plan and Environmental Impact Statement (2020 NPR-A IAP/EIS), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

83. Defendants admit the allegations of the first sentence of Paragraph 83. The allegations of the second sentence of Paragraph 83 purport to characterize the April 2022 National Petroleum Reserve in Alaska Integrated Activity Plan Record of Decision (2022 IAP ROD), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

84. The terms "recent," "significant increase" and "industrial activity" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations in Paragraph 84, and Defendants deny the allegations on that basis.

85. Defendants admit the allegations of Paragraph 85.

86. Defendants admit the allegations of Paragraph 86.

87. Defendants admit the allegations of Paragraph 87.

88. The allegations of Paragraph 88 are vague and ambiguous, and on that basis Defendants deny them.

89. Defendants admit the allegations of Paragraph 89 that there occurs helicopter activity within and around the Reserve associated with oil and gas related activities, and deny any remaining allegations.

90. The allegations of Paragraph 90 are vague and ambiguous, and on that basis Defendants deny them.

91. Defendants admit the allegations of Paragraph 91.

92. Defendants admit the allegations of Paragraph 92.

93. Defendants admit the allegations of Paragraph 93.

94. Defendants admit the allegations of Paragraph 94.

95. Defendants admit the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants admit the allegations of Paragraph 97 that, in the winters of 2020/2021 and 2021/2022, snow road construction and drilling equipment was hauled overland via the Community Winter Access Trail, across the Colville River at Ocean Point. Defendants deny any remaining allegations of Paragraph 97.

98. Defendants admit the allegations of Paragraph 98 that, for those winters when the activities occur, winter exploration activities include the use of fossil fuels to power equipment used in constructing, using, and deconstructing drill sites and snow roads of more than 80 miles. Defendants deny any remaining allegations of Paragraph 98.

99. Defendants admit the allegations of Paragraph 99 that, for those winters when the activities occur, fossil fuels are used to power mobilization and demobilization of personnel, personnel camps, and construction and drilling equipment. Defendants deny any remaining allegations of Paragraph 99.

100.    Defendants admit the allegations of Paragraph 100 that emissions sources from the exploration program include various combustion-powered equipment but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100, and on that basis deny them.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants admit the allegations of Paragraph 103 that, for those years that winter exploration activities occur, the exploration program activities can use hundreds of thousands of gallons of fuel and may flare natural gas during well production tests if they occur.  Defendants deny the remaining allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of the first sentence of Paragraph 106. Defendants admit the allegations of the second sentence of Paragraph 106 that the Teshekpuk Caribou Herd uses the program area for overwintering habitat and migrates through it in the spring and fall.  Defendants deny any remaining allegations of the second sentence.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants admit the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    The allegations of Paragraph 110 purport to characterize the 2022 Draft

Willow Master Development Plan Supplemental EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

111. The allegations of the first sentence of Paragraph 111 purport to characterize the January 2021 Environmental Assessment (EA), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the second sentence of Paragraph 111. The allegations of the third sentence of Paragraph 111 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

112. Defendants admit the allegations of Paragraph 112.

113. Defendants admit the allegations of Paragraph 113.

114. The allegations of Paragraph 114 purport to characterize BLM's Categorical Exclusion (CX) Review, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

115. The allegations of Paragraph 115 purport to characterize BLM's CX Review, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

116. Defendants admit the allegations of Paragraph 116.

117.    Defendants admit the allegations of Paragraph 117.

118.    Defendants admit the allegations of Paragraph 118 that BLM issued the January 2021 EA and a related Finding of No New Significant Impact (FONNSI) based in part on the EA and deny any remaining allegations.

119.    Defendants admit the allegations of Paragraph 119 that BLM approved Emerald House's plan to conduct the five-year exploration drilling program but aver that BLM did so on January 15, 2021.

120.    The allegations of the first sentence of Paragraph 120 purport to characterize BLM's January 15, 2021, Decision Record, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of Paragraph 120 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Further, Defendants deny the allegations in the second sentence of Paragraph 120 that there were ongoing activities at the time of BLM's January 15, 2021, approval of the program. The term "these activities" in the third sentence of Paragraph 120 is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth or falsity of the corresponding allegations, and Defendants deny the allegations on that basis.

121.    The allegations of Paragraph 121 purport to characterize BLM's January 15, 2021, Decision Record, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are

denied.

122.    The allegations of Paragraph 122 purport to characterize BLM's January 15, 2021, Decision Record, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

123.    The allegations of Paragraph 123 purport to characterize the January 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

124.    The allegations of Paragraph 124 purport to characterize the January 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

125.     The allegations of Paragraph 125 purport to characterize the January 2021 EA and Appendix L thereto (Comment Response Table), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

126.    The allegations of Paragraph 126 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

127.    The allegations of Paragraph 127 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

128.    The allegations of Paragraph 128 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

129.    The allegations of Paragraph 129 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

130.    The allegations of Paragraph 130 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

131.    The allegations of Paragraph 131 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

132.    The allegations of Paragraph 132 purport to characterize the 2020 NPR-A IAP/EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

133.    Defendants admit the allegations of Paragraph 133.

134.    Defendants admit the allegations of Paragraph 134 that 88 Energy issued an announcement after its first year of drilling results.  The remaining allegations of Paragraph 134 purport to characterize an August 16, 2021, Announcement issued by 88 Energy regarding the Peregrine program, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and

context are denied.

135.    The allegations of Paragraph 135 purport to characterize the August 16, 2021, announcement issued by 88 Energy, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

136.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 136, and on that basis deny them.

137.    Defendants admit the allegations of Paragraph 137 that Plaintiffs submitted a letter to BLM dated September 17, 2021.  The remaining allegations of Paragraph 137 purport to characterize the letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

138.    The allegations of Paragraph 138 purport to characterize the September 17, 2021, letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

139.    Defendants admit the allegations of Paragraph 139 that Plaintiffs submitted a letter to BLM dated November 30, 2021.  The remaining allegations of Paragraph 139 purport to characterize the letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

140.    The allegations of Paragraph 140 purport to characterize the November 30,

2021, letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

141. The allegations of Paragraph 141 purport to characterize the November 30, 2021, letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

142. The allegations of Paragraph 142 purport to characterize the November 30, 2021, letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

143. The allegations of Paragraph 143 purport to characterize the November 30, 2021, letter, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

144. The allegations of Paragraph 144 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

145. The allegations of Paragraph 145 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

146. Defendants admit the allegations of Paragraph 146.

147. Defendants admit the allegations of Paragraph 147.

148. Defendants admit the allegations of Paragraph 148.

149. The allegations of the first sentence of Paragraph 149 purport to

characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of Paragraph 149 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants admit the allegations of the third sentence of Paragraph 149 that the December 2021 EA was prepared after the issuance of Secretarial Order No. 3399. The remaining allegations of the third sentence purport to characterize the Secretarial Order, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

150. The allegations of Paragraph 150 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

151. The allegations of Paragraph 151 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

152. The allegations of Paragraph 152 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

153. The allegations of Paragraph 153 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents. Any

allegations contrary to its plain language, meaning, and context are denied.

154.    The allegations of Paragraph 154 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

155.    The allegations of Paragraph 155 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

156.    The allegations of Paragraph 156 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

157.    The allegations of Paragraph 157 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

158.    The allegations of Paragraph 158 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

159.    The allegations of Paragraph 159 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

160.    The allegations of Paragraph 160 purport to characterize the January 2021 and December 2021 EAs, which speak for themselves and provide the best evidence of

their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

161.   The allegations of Paragraph 161 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

162.   The allegations of Paragraph 162 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

163.   The allegations of Paragraph 163 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

164.   Defendants admit the allegations of Paragraph 164 that on the same day that BLM issued the December 2021 EA, it also issued a FONNSI and a Decision Record. The remaining allegations of Paragraph 164 purport to characterize the Decision Record, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

165.   Defendants admit the allegations of Paragraph 165.

166.   Defendants admit the allegations of Paragraph 166 that Plaintiffs submitted a letter to BLM on January 7, 2022.  The remaining allegations of Paragraph 166 purport to characterize the letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are

denied.

167.    Defendants admit the allegations of Paragraph 167 that BLM provided a 14-day public comment period for the December 2021 EA, and aver that it ran from January 21 through February 4, 2022.

168.    Defendants admit the allegations of Paragraph 168 that Plaintiffs submitted a letter to BLM on February 4, 2022.  The remaining allegations of Paragraph 168 purport to characterize the letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

169.    Defendants admit the allegations of Paragraph 169.

170.    Defendants admit the allegations of Paragraph 170 that, on February 7, 2022, BLM issued a Public Comment Response.  The remaining allegations of Paragraph 170 purport to characterize the Public Comment Response, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

171.    The allegations of Paragraph 171 purport to characterize the Public Comment Response, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

172.    The allegations of Paragraph 172 purport to characterize the Public Comment Response, which speaks for itself and provides the best evidence of its

contents. Any allegations contrary to its plain language, meaning, and context are denied.

173. The allegations of Paragraph 173 purport to characterize the Public Comment Response, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

174. Defendants admit the allegations of Paragraph 174 that, on February 7, 2022, BLM issued addendums to its FONNSI and Decision Record for the five-year exploration program. The remaining allegations of Paragraph 174 purport to characterize the FONNSI and Decision Record, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

175. Defendants admit the allegations of Paragraph 175.

176. Defendants admit the allegations of Paragraph 176 that during the winter of 2021/2022 Emerald House drilled the Merlin-2 well and deny any remaining allegations of Paragraph 176.

177. Defendants admit the allegations of Paragraph 177.

178. Defendants admit the allegations of Paragraph 178.

179. Defendants deny the allegations of Paragraph 179.

180. Defendants admit the allegations of Paragraph 180.

181. Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations of Paragraph 181, and on that basis deny them.

182.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 182, and on that basis deny them.  Further, Defendants deny the allegations of Paragraph 182 that BLM has approved drilling the Harrier-1 well.

183.    Defendants deny the allegations of Paragraph 183.

184.    Defendants deny the allegations of Paragraph 184.

185.    Defendants admit the allegations of Paragraph 185.

186.    The allegations of Paragraph 186 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

187.    Defendants admit the allegations of Paragraph 187 that there are three years left in the five-year exploration program and deny the remaining allegations of Paragraph 187.

188.    Defendants deny the allegations of Paragraph 188.

189.    The allegations of the first sentence of Paragraph 189 purport to characterize an August 16, 2021, Announcement issued by 88 Energy regarding the Peregrine program, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.  The allegations of the second sentence of Paragraph 189 purport to characterize an unidentified analysis purportedly provided to BLM, which speaks for itself and provides

the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 189, and on that basis deny them.

190. The allegations of Paragraph 190 purport to characterize the January 2021 and December 2021 environmental assessments that BLM issued for the program under NEPA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

## CLAIMS FOR RELIEF

191. The responses to Paragraphs 1 through 190 are incorporated here by reference.

192. The allegations of Paragraph 192 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

193. The allegations of Paragraph 193 purport to characterize regulations implementing NEPA, which speak for themselves and provides the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

194. The allegations of Paragraph 194 purport to characterize regulations implementing NEPA, which speak for themselves and provides the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are

denied.

195.     The allegations of Paragraph 195 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

196.     The allegations of Paragraph 196 purport to characterize a regulation implementing NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

197.     Defendants admit the allegations of Paragraph 197 that BLM approved a five-year drilling program, right-of-way, and two APDs, and deny any remaining allegations of Paragraph 197.

198.     The allegations of Paragraph 198 purport to characterize the January 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

199.     The allegations of Paragraph 199 purport to characterize the December 2021 EA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

200.     The allegations of Paragraph 200 purport to characterize the January 2021 and December 2021 environmental assessments that BLM issued for the program under NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

201.    The allegations of Paragraph 201 purport to characterize the January 2021 and December 2021 environmental assessments that BLM issued for the program under NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

202.    Defendants deny the allegations of Paragraph 202.

203.    Defendants deny the allegations of Paragraph 203.

204.    The responses to Paragraphs 1 through 203 are incorporated here by reference.

205.    The allegations of Paragraph 205 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

206.    The allegations of Paragraph 206 purport to characterize a regulation implementing NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

207.    The allegations of Paragraph 207 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

208.    The allegations of Paragraph 208 consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

209.    Defendants admit the allegations of Paragraph 209 that BLM did not issue a supplement to the December 2021 EA.  Any remaining allegations of Paragraph 209

consist of legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

210.    Defendants deny the allegations of Paragraph 210.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs lack standing to bring some or all of their claims.

3.    Plaintiffs have failed to properly establish subject matter jurisdiction.

4.    Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants and against Plaintiffs, and grant Defendants such other relief as the Court deems appropriate.

DATED:  November 23, 2022.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Idaho Bar No. 4759
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
Paul A. Turcke