TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SIERRA CLUB, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00189-JMK |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Sierra Club, Friends of the Earth, and Greenpeace, Inc.; and Defendants United States Bureau of Land Management ("BLM"), United States Department of the Interior, Deb Haaland, in her official capacity as Secretary of the Interior, and Steve Cohn, in his official capacity as BLM Alaska State Director; (collectively, the "Parties"), who, by and through their undersigned counsel, state as follows:

WHEREAS, BLM on January 15, 2021, issued a Decision Record, based on its

January 2021 Environmental Assessment and related Finding of No New Significant Impact, that authorized the approval of applications by Emerald House LLC for a 5-year right-of-way grant and permits to drill, as necessary to conduct Emerald House's proposed Peregrine 5-year winter oil and gas exploration program in the National Petroleum Reserve – Alaska, on federal oil and gas leases held by Emerald House at locations known as Merlin 1 and Harrier 1;

WHEREAS, Emerald House drilled an exploration well in the 2020/21 winter work season at the Merlin 1 site;

WHEREAS, in advance of the 2021/22 winter work season Emerald House sought approval to drill an additional well to delineate the Merlin 1 results at what it identified as the Merlin 2 site, on an additional oil and gas lease held by Emerald House, and BLM authorized the approval of an amended right-of-way grant and application for permit to drill at Merlin 2 in a December 20, 2021, Decision Record and February 7, 2022, Decision Record Addendum, both based on BLM's December 2021 Environmental Assessment and Finding of No New Significant Impact;

WHEREAS, Emerald House has completed its activities at Merlin 1 and Merlin 2 and plugged and abandoned both wells, however, as a result of BLM's January 2021 Decision Record and associated Environmental Assessment and related Finding of No New Significant Impact, Emerald House could submit and seek to have approved an application for permit to drill at the Harrier 1 site;

WHEREAS, Plaintiffs filed this action on August 25, 2022, challenging BLM's

approval of the Peregrine exploration program and seeking to vacate BLM's above-described Decision Records, and seeking to enjoin "further exploration activities" until BLM has complied with the National Environmental Policy Act ("NEPA");

WHEREAS, Defendants deny any violation of law;

WHEREAS, the initial January 2021 right-of-way grant and the existing December 2021 amended right-of way grant address exploration drilling that occurred in Winter 2020/21 and Winter 2021/22, respectively. Prior to conducting additional drilling, including at Harrier 1, the proponent, Emerald House, would be required to submit a new application for a permit to drill, and the right-of-way grant would have to be amended once again to provide access to any new drill site location;

WHEREAS, the existing, amended right-of-way grant for the exploration program, AR6542-64, requires Emerald House to submit information to BLM about any summer activities prior to April 6 each year in order to have their activities covered under NEPA and BLM's Endangered Species Act summer programmatic consultation, *see* AR6545 (Required Operating Procedure 15);

WHEREAS, consistent with Required Operating Procedure 15 for the Peregrine program right-of-way grant, Emerald House is not authorized to conduct summer program activities in 2023 under the grant, because it did not submit information to BLM about any summer activities by April 6, 2023, *see* AR6545;

WHEREAS, geophysical or other non-drilling exploration activities are not within the scope of allowable activities in the amended right-of-way grant and BLM cannot

authorize geophysical exploration under a right-of-way grant; and

WHEREAS, the parties have explored options for resolving the disputes underlying this litigation, and have determined that this Agreement resolves those disputes, while conserving the resources of the Parties and the Court.

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. BLM agrees it will not allow Peregrine program activity under the existing right-of-way grant, including drilling or drilling-related use of the right-of-way, absent additional NEPA analysis and new agency decision(s).

2. BLM will not allow geophysical or other non-drilling exploration activities on the Peregrine oil and gas lease block, *see* AR5643 (Fig. 2) and AR5647 (Fig. 6), including under the Peregrine right-of-way grant, absent approval through a separate application and regulatory process under 43 C.F.R. Part 3150, Subpart 3152, that would include associated NEPA analysis and additional agency decision(s).

3. Until the December 2021 amended right-of-way grant expires or is otherwise terminated, BLM will notify Plaintiffs upon receipt of any applications to conduct oil and gas activities on the Peregrine oil and gas lease block, and will promptly notify Plaintiffs of any oil and gas activity on these leases of which BLM becomes aware.

4. Until the December 2021 amended right-of-way grant expires or is otherwise terminated, BLM will provide Plaintiffs with at least 35 days' notice before issuance of any authorization for activity on the Peregrine oil and gas lease block.

5. BLM will notify Plaintiffs if the December 2021 amended right-of-way

grant is terminated and will provide such notice within 21 days of termination.

6.  In exchange for the consideration set forth herein, Plaintiffs agree to dismiss their Complaint and all claims therein without prejudice. Within five days of the execution of this Agreement, pursuant to Fed. R. Civ. P. Rule 41(a)(2), the Parties agree to submit a stipulation of dismissal without prejudice, along with a copy of this Agreement, incorporating the Parties' obligation to comply with the terms of this Agreement as a necessary basis for stipulating to dismissal, with the Court retaining jurisdiction solely to adjudicate disputes concerning implementation of the Agreement.

7.  In the event BLM authorizes program activity referenced in paragraph 1 prior to completing new NEPA analysis and a new decision(s), or in the event BLM authorizes geophysical or other non-drilling exploration activities referenced in paragraph 2 prior to completing its new decision, approval, and associated NEPA process, or in the event BLM fails to provide the notifications referenced in paragraphs 3-5, Plaintiffs may move for an order from this Court seeking enforcement of the terms of this Agreement to redress BLM's alleged failure to comply with the commitments in those paragraphs of this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

8.  Plaintiffs' sole remedy for any dispute concerning the adequacy of any new decision, approval, or NEPA analysis described in paragraphs 1 or 2 shall be to seek administrative review or to file a new civil action seeking judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, or other applicable statute.

*Sierra Club v. BLM*  
SETTLEMENT AGREEMENT

Case No. 3:22-cv-00189-JMK

5

In no event shall any term of this Agreement be construed as limiting any claims or defenses that Plaintiffs or Defendants may raise in any such subsequent civil action.

9. The Parties agree that contempt of court is not available as a remedy for any alleged violation of any portion of this Agreement. The Parties therefore knowingly waive any right that they might have to seek an order for contempt for any such violation. The Parties also agree that a suit for monetary damages against BLM or any Defendant is not available as a remedy for any alleged violation of any portion of this Agreement.

10. Nothing in this Agreement shall be construed to limit or modify the discretion accorded Defendants by any applicable federal law or regulation.

11. Nothing in this Agreement shall constitute, or be interpreted as, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-1342, 1511-1519, or any other applicable appropriations law.

12. The Parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by Defendants. By entering into this Agreement, the Parties do not waive any claim or defense.

13. The undersigned representatives of each Party certify that they are fully authorized by each and every Party they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.

Respectfully submitted this 16th day of August 2023.

/s/ Jeremy Lieb  (with consent)
Ian S. Dooley (Alaska Bar No. 2006059)
Jeremy Lieb (Alaska Bar No. 1810088)

EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: idooley@earthjustice.org
E: jlieb@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Friends of the Earth, and Greenpeace, Inc.*

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

/s/ Paul A. Turcke
PAUL A. TURCKE
Idaho Bar No. 4759
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov